**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| Kayla Atkins, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.   1:19-cv-3581 |
| Midland Credit Management, Inc., a Kansas corporation, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT – CLASS ACTION**

Plaintiff, Kayla Atkins, individually, and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's form debt collection letters violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.     Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

**PARTIES**

3.     Plaintiff, Kayla Atkins ("Atkins"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a defaulted consumer debt, which was allegedly owed for a Synchrony Bank credit card account.

4.      Defendant, Midland Credit Management, Inc. ("MCM"), is a Kansas corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts. Defendant MCM operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Indiana. In fact, Defendant MCM was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5.      Defendant MCM is both a third-party debt collector for its sister company, Midland Funding, and is itself a bad debt buyer, that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon. Defendant MCM's principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others.

6.      Defendant MCM is authorized to conduct business in Indiana, and maintains a registered agent here, see, record from the Indiana Secretary of State, attached as Exhibit A. In fact, Defendant conducts business in Indiana.

7.      Defendant MCM is licensed as a debt collection agency in the State of Indiana, see, record NMLS Consumer Access, attached as Exhibit B. In fact, Defendant acts as a collection agency in Indiana.

## FACTUAL ALLEGATIONS

8.      Defendant MCM sent Ms. Atkins a form collection letter, dated May 20, 2019, demanding payment of a debt she allegedly owed to Synchrony Bank. This letter was marked "**FINAL NOTICE**", and threatened to file a lawsuit against Ms. Atkins if she did not respond by June 19, 2019.  A copy of this letter is attached as Exhibit C.

2

9.    Eleven days later, Defendant MCM sent Ms. Atkins an identical collection letter demanding payment of the same Synchrony Bank debt. This letter was also marked "**FINAL NOTICE**", and again threatened to file a lawsuit against Ms. Atkins. This letter, however, stated that she needed to respond by June 30, 2019. A copy of this letter is attached as Exhibit D.

10.    Violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, at 827.

11.    Here, Defendant's conflicting statements to Ms. Atkins as to when she needed to respond to avoid a lawsuit, and repeated claims that each letter was the **FINAL NOTICE",** would cause any reader, let alone an unsophisticated consumer to be confused as to when they needed to respond to avoid litigation. In fact, Defendant's letters alarmed and confused Ms. Atkins.

12.    Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

13.    Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692e
### Making False Deceptive Or Misleading Statements

14.    Plaintiff adopts and realleges ¶¶ 1-13.

15.    Section 1692e of the FDCPA prohibits a debt collector from using any

false, deceptive or misleading representation or means in connection with the collection of a debt, see 15 U.S.C. § 1692e. More specifically, § 1692e(2)(a) of the FDCPA prohibits debt collectors from the false representation of "the character, amount or legal status of any debt", see 15 U.S.C. § 1692e(5).

16.    Defendant MCM, by giving conflicting dates on when she needed to respond to avoid a lawsuit and stating that each letter was her "**FINAL NOTICE**", made false, deceptive and misleading statements in connection with the collection of a debt, in violation of § 1692e of the FDCPA.

17.    Defendant's violation of § 1692e of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692f Of The FDCPA --**
**Unfair Or Unconscionable Collection Actions**

18.    Plaintiff adopts and realleges ¶¶ 1-13.

19.    Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

20.    Defendant MCM, by giving conflicting dates on when to respond to avoid a lawsuit and stating that each letter was her "**FINAL NOTICE**", used unfair and unconscionable means to collect, or attempt to collect, a debt, in violation of § 1692f of the FDCPA.

21.    Defendant's violations of § 1692f of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

22.     Plaintiff, Kayla Atkins, brings this action individually and as a class

action on behalf of all persons similarly situated in the State of Indiana from whom

Defendant attempted to collect a defaulted consumer debt, via the same form collection

letters (Exhibits <u>C</u> and <u>D</u>), that Defendant sent to Plaintiff, wherein the second letter was

sent before expiration of the deadline in the first letter, from one year before the date of

this Complaint to the present. This action seeks a finding that Defendant's form letters

violate the FDCPA and asks that the Court award damages as authorized by §

1692k(a)(2) of the FDCPA.

23.     Defendant regularly engages in debt collection, using the same form

collection letters they sent Plaintiff Atkins, in its attempts to collect defaulted consumer

debts from other persons.

24.     The Class consists of more than 40 persons from whom Defendant

attempted to collect defaulted consumer debts, by sending other consumers the same

form collection letters they sent Plaintiff Atkins.

25.     Plaintiff Atkins' claims are typical of the claims of the Class. Common

questions of law or fact raised by this class action complaint affect all members of the

Class and predominate over any individual issues. Common relief is therefore sought on

behalf of all members of the Class. This class action is superior to other available

methods for the fair and efficient adjudication of this controversy.

26.     The prosecution of separate actions by individual members of the Class

would create a risk of inconsistent or varying adjudications with respect to the individual

members of the Class, and a risk that any adjudications with respect to individual

members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

27.    Plaintiff Atkins will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Atkins has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

PRAYER FOR RELIEF

Plaintiff, Kayla Atkins, individually and on behalf of all others similarly situated, prays that this Court:

1.    Certify this action as a class action;

2.    Appoint Plaintiff Atkins as Class Representative of the Class, and her attorneys as Class Counsel;

3.    Find that Defendant's form collection letters violated the FDCPA;

4.    Enter judgment in favor of Plaintiff Atkins and the Class, and against Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5.    Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Kayla Atkins, individually and on behalf of all others similarly situated,

demands trial by jury.

Kayla Atkins, individually and on
behalf of all others similarly situated,

By:/s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated: August 23, 2019

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com

John T. Steinkamp  (Ind. Bar No. 19891-49)
John Steinkamp & Associates
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
john@johnsteinkampandassociates.com